■ In the Matter of VICTOR TRIOLO, Petitioner, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent.— Proceeding under CPLR article 78 (transferred to the Appellate Division in the Third Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Department of State revoking petitioner's real estate salesman license pursuant to section 441-c of the Real Property Law. Following a hearing, respondent determined that petitioner, a licensed real estate salesman, " had (1) violated the provisions of section 440-a of the Real Property Law, having held himself out and acted as a real estate broker, although not licensed as such, and  *  *  * continued so to do although duly cautioned to halt such practice; and (2) demonstrated untrustworthiness as a real estate salesman, having obtained listings of property for sale or rent, concealing same from his employing broker" (Real Property Law, § 441-c). Substantial evidence supports respondent's determination. Petitioner's activities clearly constituted breaches of faith of his duty to his employer as well as violations of section 440-a. Petitioner, while employed by a licensed real estate broker, filed a certificate of doing business under the assumed name " Nicholas Agency". He then advertised numerous properties for sale by posting signs thereon, utilizing the assumed name in large print, while his own name and that of his employer appeared in small print. When directed by respondent to remove his signs, petitioner failed to comply in at least three instances. He also advertised properties in newspapers under his own name and took properties for sale or rent on his own account rather than that of his broker, who was unaware of such listings. We disagree with petitioner's contention that since the complaint charged petitioner only with untrustworthiness under section 441-c, he could not be found guilty under section 440-a. The affidavit attached to the notice of hearing enumerated charges consisting

of factual allegations which constituted violations of section 440-a, so that petitioner knew the charges against which he must defend himself. (*Matter of Chiaino* v. *Lomenzo*, 26 A D 2d 469). Furthermore, the notice of hearing informed petitioner that he was charged with a violation of article 12-A of the Real Property Law, which includes both section 441-c and 440-a. In any event, respondent's finding that petitioner had demonstrated untrustworthiness is supported by substantial evidence in the record, and is a sufficient predicate for revocation of his license. We have examined the remainder of petitioner's contentions and find them to be without merit. Determination confirmed, without costs, and petition dismissed. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.